IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NIJAY-ULLAH AZIYZ, : | |
| : | |
| Plaintiff, : | |
| : | 5:03CV412 (DF) |
| vs. : | |
| : | |
| TOMMY TREMBLE, *et al.*, : | |
| : | |
| Defendants. : | |

**O R D E R**

Currently pending before the Court is Waseem Daker's motion for reconsideration (tab 50) of the magistrate judge's denial of his motion to intervene. For the following reasons, Daker's motion is **DENIED**.

**I.    FACTS**

This lawsuit, a § 1983 action brought by Plaintiff Nijay-Ullah Aziyz, a Muslim state prisoner, against Defendants Tommy Tremble and John Perry,[1] officials at Hancock State Prison in Sparta, Georgia, has been referred to Magistrate Judge Claude W. Hicks, Jr. in accordance with 28 U.S.C.A. § 636(b)(1) (West Supp. 2005).

---

[1] By amended complaint, Aziyz subsequently added as defendants three officials with the Georgia Department of Corrections.

Aziyz's suit challenges the constitutionality of a prison policy implemented by the Georgia Department of Corrections that places certain restrictions on the wearing of Kufi caps by Muslim prisoners. Aziyz claims that the policy violates the First and Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.A. § 2000cc *et seq.*, and the Georgia Constitution. Daker, also a Muslim state prisoner, filed a motion to intervene in the litigation under Rule 24 of the Federal Rules of Civil Procedure. On March 3, 2005, Judge Hicks entered an order denying Daker's motion (tab 34).

Dissatisfied, Daker filed a motion for reconsideration (tab 37) and, after it was denied by Judge Hicks (tab 38), appealed the decision to the Eleventh Circuit Court of Appeals. Because magistrate orders are not final and appealable, the Eleventh Circuit dismissed Daker's appeal for lack of jurisdiction (tab 45). *See* 28 U.S.C.A. §§ 636, 1291. Thereafter, Daker refiled his motion to intervene (tab 46), which Judge Hicks again denied (tab 48). Daker objected in the form of a motion for reconsideration (tab 50).

## II.  LEGAL DISCUSSION

A district court may reconsider a magistrate judge's ruling on any nondispositive, pretrial matter referred under § 636(b)(1)(A) "where it has been

shown [to be] clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A); *see also* **United States v. Al-Arian**, 308 F. Supp. 2d 1322, 1359 (M.D. Fla. 2004). Reconsideration of such matters is generally prompted by the filing of a party's objections. Once a party has been served with the magistrate judge's order, he has 10 days within which to serve and file objections thereto. Fed. R. Civ. Pro. 72(a) (West 2005). Daker timely objected to Judge Hicks's most recent disposition of this matter—the May 20 order denying Daker's second motion to intervene.

Denial of a motion to intervene is a nondispositive matter under § 636(b)(1)(A). *See* **State Farm Mut. Auto. Ins. Co. v. United States**, No. Civ. A 02-1799, 2003 WL 1873089, *2 (E.D. La. Apr. 10, 2003); *see also* **Black v. Premier Co.**, No. Civ. A. 01-4317, 2002 WL 31045854, *1 n.4 (E.D. Pa. Sept. 12, 2002). Thus, the Court's review is governed by Rule 72(a) of the Federal Rules of Civil Procedure.

Rule 72(a) implements the requirements of § 636, stating: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a). A legal finding is clearly erroneous if the reviewing court, after thorough consideration, "is left with the definite and firm conviction that a mistake has been committed." **United States v. United States**

3

*Gypsum Co.*, 333 U.S. 364, 395 (1948). And in evaluating whether a magistrate judge's application of a Federal Rule of Civil Procedure is contrary to law, the district court must necessarily apply the same legal standards that guided the magistrate judge. *See* **Bartleson v. Winnebago Indus., Inc.**, 219 F.R.D. 629, 632 (N.D. Iowa 2003). The clearly erroneous standard typically governs a review of factual findings, which Daker does not challenge. Therefore, the Court is concerned only with whether the denial of Daker's motion was contrary to law.

## A.     Rule 24

Rule 24 provides two methods by which a party can intervene in a pending lawsuit: (1) intervention of right; and (2) intervention by court permission. Daker has moved to intervene under both sections of the rule.

### 1.     Intervention of Right[2]

"A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the

---

[2] **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. Pro. 24(a)(West 2005).

property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Judge Hicks denied Daker's motion under Rule 24(a)(2) in part because of Daker's inability to show that his interest is being inadequately represented by Aziyz. The Court agrees with that assessment and concludes that Daker cannot satisfy the fourth requirement.

    The burden is on Daker to establish that his interest is not being, or cannot be, adequately represented. Though the burden is minimal, *see Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993), it nevertheless must be satisfied. Because Daker and Aziyz seek the same ultimate objective—namely, to do away with the Georgia Department of Corrections's policy restricting the wearing of Kufi hats—there is a presumption that Daker's interest will be adequately represented. *See Clark v. Putnam County*, 168 F.3d 458, 461-61 (11th Cir. 1999) ("We presume adequate representation when an existing party seeks the same objective as the would-be intervenors."); *see also Falls Chase*, 983 F.2d at 215. Daker may overcome this presumption by showing that his interest is adverse

to Aziyz's interest, that Aziyz is in collusion with an opposing party, or that Aziyz has engaged in nonfeasance. *See **Falls Chase***, 983 F.2d at 916; *see also* 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.03[4][a][ii] (3d ed. 2004).

Daker instead relies on the potential fact that he and Aziyz might offer different arguments to support their First and Fourteenth Amendment claims and their RLUIPA claim. Thus, he maintains that Aziyz's trial strategy could cause his interest to be inadequately represented. But disagreement regarding trial strategy is not sufficient to overcome the presumption of adequate representation. *See **Chiglo v. City of Preston***, 104 F.3d 185, 188 (8th Cir. 1997); *see also **United States v. Yonkers Bd. of Educ.***, 902 F.2d 213, 218 (2d Cir. 1990) ("If disagreement with an actual party over trial strategy . . . were sufficient basis for a proposed intervenor to claim that [his] interests were not adequately represented, the requirement would be rendered meaningless."). Therefore, Daker has failed to show that his interest in challenging the Kufi policy is not being adequately represented and, as a result, he does not have a right to intervene in this lawsuit. Judge Hicks's conclusion on this score was not contrary to law.

### 2. Permissive Intervention[3]

Daker also argues that the Court should, in its discretion, permit him to intervene because his proposed claims against the Department of Corrections share common questions of law and fact with Aziyz's claims—*i.e.* both are Muslims and both seek to don their Kufi hats when and where they wish. Judge Hicks denied Daker's request for permissive intervention for the same reasons that made intervention of right improper.

In exercising its discretion under Rule 24(b)(2), the Court may properly consider whether the proposed intervenor's interest is already being adequately represented by the existing plaintiff. *See* ***New Orleans Pub. Serv., Inc. v. United Pipe Line Co.***, 732 F.2d 452, 472 (5th Cir. 1984); *see also* ***Arney v. Finney***, 967 F.2d 418, 421 (10th Cir. 1992) (denying permissive intervention to prisoner where prisoner's interest was already adequately represented); ***South Dakota ex rel. Barnett v. United States Dep't of Interior***, 317 F.3d 783, 787-89 (8th Cir. 2003) (holding that the district court did not abuse its discretion by basing its denial of permissive intervention on

---

[3] **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. Pro. 24(b).

the adequate-representation inquiry). Because Daker's interest is adequately represented, the Court finds that his addition to the lawsuit would add little, if anything, to aid in the efficient disposition of this case. Therefore, the Court will not permit Daker to intervene.

### III. CONCLUSION

The Court has reconsidered under Rule 72(a) Judge Hicks's denial of Daker's motion to intervene and finds that it is not contrary to law. Accordingly, Daker's motion for reconsideration is **DENIED.**

SO ORDERED, this 20th day of June, 2005.

> **/s/ Duross Fitzpatrick**
> DUROSS FITZPATRICK, JUDGE
> UNITED STATES DISTRICT COURT

DF/sew