IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NAJIY-ULLAH AZIYZ, | : | |
| | : | |
| Plaintiff | : | NO. 5:03-CV-412 (DF) |
| | : | |
| VS. | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| TOMMY TREMBLE, *et al*, | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| | : | |
| Defendants | : | |
| | : | |

# ORDER AND RECOMMENDATION

Plaintiff NAJIY-ULLAH AZIYZ is an inmate in the custody of the State of Georgia.  In his original complaint, plaintiff sued defendants TOMMY TREMBLE and JOHN PERRY alleging that they violated his constitutional rights.  He contends that the defendants have permitted prisoners at Hancock State Prison to wear various colors and styles of hats on outside work detail in violation of the prison Standard Operating Procedure (SOP).  He avers that they would not permit plaintiff, who is Muslim, to wear his Muslim Kufi hat. Tab #2.

After reviewing plaintiff complaint, the undersigned ordered service upon the defendants. Tab #5.  Thereafter, the defendants filed a **PRE-ANSWER MOTION TO DISMISS** arguing that plaintiff's claims should be dismissed because they were entitled to Eleventh Amendment immunity, qualified immunity, and because plaintiff failed to state a claim upon which relief could be granted. Tab #8. Plaintiff AZIYZ then amended his complaint to add defendants JAMES DONALD, ALAN ADAMS, and the GEORGIA DEPARTMENT OF CORRECTIONS,[1] asserting, *inter alia*, that wearing a Kufi is part of the religious practice of Islam and has religious significance for Muslims; he further asserts the defendants maintain a policy of prohibiting all Muslims from wearing Kufis except in religious services and inmate living areas. Plaintiff claims that this policy violates his First Amendment rights and his rights under Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* 42 U.S.C.§2000 *et seq*.  Tab #16.

---

[1]There is no evidence that these defendants have ever been served.  However, it appears that defendants' counsel has filed the present motion on behalf off all defendants.

In response, the defendants filed a **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** in which they restate their original arguments and argue that the RLUIPA is unconstitutional. Tab #20. The undersigned then ordered that this matter be held in abeyance pending a decision by the United States Supreme Court in the case of *Cutter v. Wilkinson*, 125 S. Ct. 2113, 161 L.Ed.2d 1020, 73 USLW 4397 (May 31, 2005), which considered the constitutionality of the RLUIPA. After the statute was upheld as constitutional, the parties supplemented their responses. Tabs #53, 67, 68, 69. In entering this order, the undersigned has carefully considered the defendants' motion and all responses thereto.

## LEGAL STANDARD - MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d.

**DISCUSSION**
**1. Eleventh Amendment Immunity**

The RLUIPA states that a "person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."  Because congress unambiguously requires states to waive their sovereign immunity from suit filed by prisoners to enforce the RLUIPA, "Georgia was on clear notice that by accepting federal funds for its prisons, Georgia waived its sovereign immunity from suit under the RLUIPA."  *Benning v. Georgia*, 391 F.3d 1299, 1305, 1306 (11th Cir. 2004).

In the present case, plaintiff amended his complaint to add the Georgia Department of Corrections.  As a department of the state, suits against the Georgia Department of Corrections under the RLUIPA are not barred by Eleventh Amendment immunity since the state of Georgia is the real party in interest.

**2. Individual Liability**

The RLUIPA states in part that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . ."  This definition of government  includes "any person under color of state law."  However, this definition does not create an enforceable law against state employees. *See Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991).  The RLUIPA was found to be valid legislation passed by Congress under the Spending Clause.  The 11th Circuit is loathe to find individual liability under the Spending Clause.  *Id.* Further, there is nothing in the Congressional Record to indicate that Congress intended the RLUIPA's remedial scheme to impose individual liability.  Therefore, to the extent that the defendants are sued individually in their official capacity under the RLUIPA, the plaintiff has failed to state a claim for relief.

### 3.  Mootness

In his complaint and amended complaint, plaintiff seeks injunctive relief in order to compel the defendants to allow him to wear his religious Kufi.  He claims that the defendants violated his rights under the First Amendment and the RLUIPA by not allowing him to wear his religious head gear.  In their supplemental motion (Tab #53), the defendants aver that the Department of Corrections has revised its policy and now allows inmates to wear religious head gear at all times.

In general, a case becomes moot, and therefore, nonjusticiable as involving a case or controversy, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. This does not end the inquiry, however. There is an exception to the mootness doctrine for situations where the issues are capable of repetition, yet evading review. In the absence of a class action, this exception is limited to cases in which the challenged action is too short in duration to be fully litigated prior to its cessation or termination and there is a reasonable expectation that the same complaining party will be subject to the same action again. *B & B Chemical Co. v. United States E.P.A.*, 806 F.2d 987, 989 (11th Cir. 1986).

In the case at bar, plaintiff's request for injunctive relief has been mooted by the granting of the relief he seeks by the defendants in changing state policy to permit inmates to wear such religious headgear.  Furthermore, plaintiff has not shown that his claims meet the exception to the mootness rule.  Accordingly, the undersigned finds plaintiff's claims for injunctive relief under the RLUIPA and First Amendment to be moot.[2]

---

[2]Plaintiff also states that he is seeking unspecified equitable and declaratory relief from this court.  A review of the file shows that this language used by the plaintiff is merely bolier plate and intended to be encompassed in his claims for injunctive relief.

### 3. 42 U.S.C. 1997e(e)

Plaintiff claims that his First Amendment rights have been violated by the defendants because he was not allowed to wear his Kufi hat while other prisoners were allowed to wear baseball caps while on outside work detail.  However, plaintiff does not allege that he suffered a *physica*l injury as a result of the defendants' refusing to allow him to wear his Kufi.

42 U.S.C. §1997e(e) provides as follows:

> *Limitation on recovery- No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

Congress enacted the Prison Litigation Reform Act (PLRA) of 1996, which includes 42 U.S.C. §1997e(e), in an effort to stem the flood of prisoner lawsuits in federal court.  *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir. 2000). In *Aziyz v. Chatman*, 02-16295 (11th Cir. July 17, 2003)(unpublished), the Eleventh Circuit Court of Appeals held that the provisions of 1997e(e) applies to First Amendment claims. §1997e(e) bars only a damages recovery for mental or emotional injury where there is no connected physical injury.  *Lassan v. City of Orange Beach*, 2000 WL 1844683 (S.D. Ala. November 7, 2000).  *See also Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *overruled on other grounds by Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000). The physical injury alleged must be more than *de minimis*, but need not be significant.  *Harris*, 190 F.3d at 1286.  Therefore, the plaintiff must be able to establish that he suffered a physical injury that is more than *de minimis* and which is connected to his claims for emotional and mental injury.  *Lassan*, 2000 WL 1844693 at *4.

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States.  *Id.*  While plaintiff AZIYZ may have claims against the defendants under another provision of state or federal law, his claims as set forth in his complaint do not rise to the level of a constitutional denial or deprivation of rights, privileges

or immunities as contemplated by 42 U.S.C. §1983. He has alleged no physical injury at all; his only claims are that the defendants violated his First Amendment rights by not allowing him to wear his Kufi. Therefore, the plaintiff's First Amendment claims against the defendants are not cognizable under §1997e(e).

Plaintiff has also alleged claims for nominal damages under the First Amendment. The defendants concede that *if* plaintiff's claim for nominal damages is valid, then it may proceed. However, they maintain that his First Amendment rights have not been violated. After a review of the file, the undersigned finds that the present Motion To Dismiss is not the appropriate vehicle for dealing with the nominal damages claim.

Accordingly, IT IS RECOMMENDED that the defendants' **PRE-ANSWER MOTION TO DISMISS** (Tab #8) be **PARTIALLY GRANTED**, to-wit:  plaintiff's claims for relief under the RLUIPA and First Amendment should be **DISMISSED** except to the extent that plaintiff seeks nominal damages for violation of his First Amendment rights[3]

Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED, this 26th day of OCTOBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Also before the court is plaintiff's MOTION TO SUPPLEMENT COMPLAINT. Tab #71. In this motion, plaintiff seeks to amend his complaint to add a claim that the new DOC SOP concerning religious head wear is void for vagueness. The defendants' have objected to said amendment for failure to object and as dilatory. In his original and first amended complaint, plaintiff sued for violation of his rights under the First Amendment and the RLUIPA. In his amended claim, plaintiff seeks to attack the DOC SOP on religious head gear. Since these news claims to do not relate to plaintiff's original claim, plaintiff must file a new 42 U.S.C. §1983 lawsuit should he wish to pursue these claims. Accordingly, plaintiff's MOTION TO SUPPLEMENT COMPLAINT (Tab #71) is **DENIED**.