# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **NAJIY-ULLAH AZIYZ,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:03-cv-412 (HL) |
| : | |
| **TOMMY TREMBLE,** : | |
| **JOHN PERRY,** : | |
| **JAMES DONALD, and** : | |
| **ALAN A. ADAMS,** : | |
| : | |
| Defendants. : | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Claude W. Hicks, Jr. (Doc. 101). Plaintiff, Najiy-Ullah Aziyz, has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).[1] The Court, having given de novo consideration to those portions of the Recommendation to which objection is made, hereby accepts the Recommendation, as modified and explained below.

### Background Information

Plaintiff is a member of the Sunni Muslim faith. As a Sunni Muslim, Plaintiff wishes

---

[1] Plaintiff mailed a document titled "Plaintiff's Response to Defendants' Motion for Summary Judgment" (Doc. 102.) Despite the title, it is clear that Plaintiff intended this document to serve as his objections. The objections were docketed on October 10, 2006, well outside the 10-day period provided for in 28 U.S.C. § 636(b)(1). Nevertheless, because Plaintiff's certificate of service shows they were mailed from Coastal State Prison in Savannah, Georgia, on September 24, 2006, within the 10-day period, and because Defendants have raised no challenge to their timeliness, the Court will consider the objections.

to adhere to the practice of keeping his head covered using Islamic headwear. Specifically, Plaintiff seeks to wear a Kufi prayer cap at all times.

Since 1994 Plaintiff has been confined in various prison facilities within the Georgia Department of Corrections ("GDOC"). Until July of 2005, GDOC guidelines limited the wearing of prayer caps to religious services and inmate living areas. Prisoners were not allowed to wear Kufi prayer caps in any other settings, such as when among the general population or while outside. Believing that the GDOC limitations on his right to wear the Kufi prayer cap violated his rights Plaintiff filed the lawsuit at issue here in 2003.

In his initial complaint, Plaintiff named Tommy Tremble, Chief of Security at Hancock State Prison, and John Perry, Deputy Warden of Security at Hancock State Prison, in their individual and official capacities. Plaintiff sought damages and injunctive relief pursuant to 42 U.S.C. § 1983 based on alleged violations of his rights of religious expression and equal protection. Plaintiff later amended his complaint to add James E. Donald, Commissioner, and Alan A. Adams, Facilities Director, in their individual and official capacities, and the Georgia Department of Corrections ("GDOC"). Plaintiff's amended complaint also added claims for violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The Court stayed the proceedings on two occasions while awaiting appellate court rulings on the constitutionality of RLUIPA.

In an Order entered February 9, 2006, the Court made the following determinations:

1. The claims for damages against Tremble, Perry, Donald, and Adams in their

official capacities were the equivalent of claims against the State.

2. GDOC, as an arm of the State, was immune from suit under § 1983 by the Eleventh Amendment.

3. The State waived its immunity from suit under RLUIPA but Plaintiff had no right to money damages for violations of RLUIPA by the State.

4. Individual capacity claims are cognizable under the RLUIPA.

5. Plaintiff had a right to bring a claim for injury and to seek nominal damages under the First Amendment without a showing of a physical injury.

6. Plaintiff's claims for declaratory and injunctive relief were rendered moot by GDOC's revision of the Standard Operating Procedures giving rise to the lawsuit.

Based on the foregoing determinations, the Court dismissed the § 1983 official capacity claims against Tremble, Perry, Donald, and Adams as duplicative of the same claims against GDOC; dismissed the § 1983 claims against GDOC as barred by the Eleventh Amendment; dismissed Plaintiff's RLUIPA claims for damages against GDOC and Tremble, Perry, Donald, and Adams in their official capacities; and dismissed Plaintiff's claims for declaratory and injunctive relief against all Defendants. The Court then concluded that "the only matters left to be resolved in this lawsuit are Aziyz's § 1983 and RLUIPA claims for nominal damages against Defendants Tremble, Perry, Donald, and Adams in their individual capacities, including whether they are entitled to qualified immunity on these claims." (Order of 02/09/2006 at 30.).

Thereafter, Defendants Tremble, Perry, Donald, and Adams moved for summary

judgment as to all claims against them. In the Recommendation at issue here, the Magistrate Judge concluded that the Defendants violated Plaintiff's rights under RLUIPA but that they were entitled to qualified immunity because the rights violated were not clearly established at the time of the injury. The Magistrate Judge concluded that there was no First Amendment injury because there was a rational relationship between the regulation and the Defendants' interest in prison safety. The Magistrate Judge thus concluded that Defendants were entitled to summary judgment as to all claims against them. As discussed below, this Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment but, as to the RLUIPA claims, for reasons other than those set forth in the Recommendation.

## Religious Land Use and Institutionalized Persons Act

The Magistrate Judge found that Defendants could not satisfy their burden under RLUIPA of showing that the limitation on the wearing of the Kufi cap was the least restrictive means of maintaining prison security. The Magistrate Judge determined, therefore, that Defendants had violated Plaintiff's rights under RLUIPA. Nevertheless, the Magistrate Judge concluded that Defendants were entitled to qualified immunity as to the RLUIPA claims.

Having determined that Defendants violated Plaintiff's federal statutory rights under RLUIPA, the Magistrate Judge considered whether it was clearly established during the relevant time period that the limitation on the wearing of the Kufi cap was unlawful, or whether a reasonable person faced with the same situation clearly would realize that his conduct was unlawful. The Magistrate Judge reasoned that the unlawfulness of Defendants'

4

conduct stemmed from their act of limiting the times when Plaintiff could wear his Kufi cap, and that the limitation only served to violate Plaintiff's rights under the RLUIPA because of his particular religious belief that the Kufi cap should be worn at all times except for when sleeping. The Magistrate Judge focused, therefore, on whether Defendants should have known that they were preventing Plaintiff from engaging in a religiously mandated activity, such that his rights were being violated by the limitation on the wearing of the Kufi cap.

In granting qualified immunity, the Magistrate Judge said that the Court would not impute to Defendants the knowledge that Plaintiff's faith demanded the wearing of the Kufi cap at all times. The Magistrate Judge noted that the record in the case even revealed a difference of opinion between Plaintiff and an Islamic Imam as to whether the wearing of the Kufi cap was mandated at all times. The Magistrate Judge thus concluded that Plaintiff had failed to show that Defendants had violated a clearly established federal statutory or constitutional right. Plaintiff objects to the conclusions reached by the Magistrate Judge with respect to Defendants' entitlement to qualified immunity. The Court finds, however, that it need not reach the question of qualified immunity in this case.

While the Recommendation was awaiting ruling by this Court, the United States Court of Appeals for the Eleventh Circuit decided Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007), in which the Court ruled on several matters of first impression relating to RLUIPA, many of which directly impact the issues presented by the Recommendation. Therefore, this Court will first undertake to summarize the holdings set forth in Smith v. Allen insofar as they might be relevant to this case.

In Smith v. Allen, an Alabama prisoner sued various prison officials in their individual and official capacities for failing to allow him to possess and use certain items that he deemed necessary to his religion, and for failing to provide him with a designated area of worship. He sought monetary damages and injunctive relief. After the district court denied him relief, he turned to the Eleventh Circuit. The Eleventh Circuit first concluded that "the phrase 'appropriate relief' in RLUIPA encompasses monetary as well as injunctive relief." Smith v. Allen, 502 F.3d at 1271. The Court concluded, however, that the monetary damages that could be obtained by the prisoner under RLUIPA would be limited by the provisions of 28 U.S.C. § 1997(e), pursuant to which a prisoner who can prove no physical injury resulting from a constitutional violation can obtain only nominal damages. Id.

Having concluded that the prisoner could seek nominal damages in a RLUIPA action, the Eleventh Circuit next addressed whether individual capacity suits for damages were available under RLUIPA. Noting that the relevant provisions of RLUIPA derive from Congress' power under the Spending Clause, and that individual employees are not the recipients of the federal funds, the appellate court concluded that the prisoner could not pursue claims against the defendants in their individual capacities under RLUIPA. The court determined that section 3 of RLUIPA "cannot be construed as creating a private action against individual defendants for monetary damages." Id. at 1275. Because no individual capacity claims would lie, the court also concluded that no qualified immunity determination needed to be made. Id. at 1275 n.11.

Here, the only RLUIPA claims remaining for determination are those brought against

Defendants Tremble, Perry, Donald, and Adams, in their individual capacities. The Eleventh Circuit held in <u>Smith v. Allen</u>, however, that RLUIPA does not create a private cause of action against individual defendants for money damages. In light of the conclusions of the Eleventh Circuit in <u>Smith v. Allen</u>, therefore, the Court finds that no claims for money damages brought pursuant to RLUIPA can be maintained against Defendants in their individual capacities. This Court need not decide, therefore, whether the Magistrate Judge was correct in concluding that Plaintiff's rights under RLUIPA were violated, or whether the Magistrate was correct in concluding that Defendants were entitled to qualified immunity. However, insofar as the Magistrate Judge recommended that summary judgment be granted to these Defendants, the Recommendation is accepted by the Court. Defendants Tremble, Perry, Donald, and Adams are entitled to summary judgment as to the RLUIPA claims against them.

First Amendment Claim

Having concluded that Defendants are entitled to summary judgment on the RLUIPA claims, the only claim remaining for determination is Plaintiff's First Amendment claim against the individual Defendants. The Magistrate Judge found a rational connection between the limitation on the wearing of Kufi prayer caps and the interest in prison safety. Specifically, the Magistrate Judge found persuasive that Defendants did not wish to allow inmates to distinguish themselves as part of a specific group because such distinctions could lead to unrest among the different groups of prisoners. The Magistrate Judge concluded that Plaintiff had failed to meet his burden of disproving the validity of the prison regulation.

In his objections, Plaintiff contends that Defendants' stated reason for the limitation on Kufi caps is irrational. He argues that inmates distinguish themselves as part of a specific group in various ways and that the Kufi cap was not needed as a means of identifying those members of the Muslim faith. Plaintiff notes that persons of faith are easily distinguishable in prison by which religious services or studies they attend. He also notes that because he was allowed to wear the Kufi cap inside the inmate living area, all of the members of his dorm–he puts the number at 96–know he was a practicing Muslim and that such information is easily conveyed outside the dorm. He thus contends that the stated purpose of avoiding distinguishment of individuals as belonging to particular groups was not advanced by the rule.

The Court finds Plaintiff's arguments to have some merit, in that there are numerous ways in which persons or groups can distinguish themselves without having to wear Kufi caps. Nevertheless, Plaintiff's arguments are not sufficient to disprove the validity of GDOC's stated reasons for its rule. While some prisoners might suspect or believe that a particular inmate is a member of a particular religion, those suspicions may not motivate another prisoner to act until confronted with a symbol of a particular religion, such as a Kufi cap. As the GDOC argued, the wearing of the Kufi cap could make the inmate a target. Prison officials have a legitimate need to avoid confrontations among certain groups, and the limitation on the wearing of religious caps, insofar as it serves the purpose of minimizing the potential triggers for such confrontations, is rationally connected to a legitimate governmental interest.

Moreover, the decision by GDOC to change its policy to allow the wearing of the Kufi cap does not require a finding by the Court that the limitation on the wearing of the prayer cap was irrational. Other factors or changes within the facility could have influenced GDOC officials to change the policy. Plaintiff has failed to persuade the Court that the Magistrate Judge's conclusions were in error. Therefore, the Court accepts the Recommendation insofar as it holds that Defendants are entitled to summary judgment as to the First Amendment claim against them.

## Conclusion

The Court finds that Defendants Tremble, Perry, Donald, and Adams are entitled to summary judgment with respect to the RLUIPA and First Amendment claims against them. Therefore, the Court accepts the Recommendation of the Magistrate Judge insofar as it recommends that summary judgment be granted as to these Defendants. There being no other claims remaining for determination, the Clerk is directed to close the case.

**SO ORDERED**, this the 31st day of January, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls